UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MARK BONNEAU and JULIA MOFFITT f/k/a JULIA GUETTI, on behalf of themselves and all others similarly situated,

                Plaintiffs

      -against-

OVERTON, RUSSELL, DOERR & DONOVAN, LLP,

                Defendant

**COMPLAINT**
1:18-cv-983 (GTS/CFH)

------------------------------------------------------------------------x

## PRELIMINARY STATEMENT

1. The above-named Plaintiffs ("Plaintiffs") bring this lawsuit on behalf of themselves and the class of persons described below based upon improper and violative debt collection practices utilized and otherwise invoked by the above-named Defendant. These collection practices are expressly prohibited by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Based upon the Defendant's violations of the FDCPA, as set forth and alleged herein, the Plaintiffs, and the class they seek to represent, are entitled to statutory damages, attorneys fees, and costs, all pursuant to 15 U.S.C. § 1692k.

## PARTIES

3. The Plaintiffs are each a natural person.

4. At all times relevant to this Complaint, the Plaintiff Mark Bonneau resided in Feura Bush, New York.

5. At all times relevant to this Complaint, the Plaintiff Julia Moffitt resided in Malta, New York.

6. The Defendant Overton, Russell, Doerr & Donovan, LLP ("ORDD"), is a partnership of lawyers and maintains a principle place of business located at 19 Executive Park Drive, Clifton Park, New York.

7. The Defendant ORDD collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S.Mail, telephone.

8. The Defendant ORDD is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION & VENUE

9. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiff occurred within this federal judicial district.

## **FACTS CONCERNING THE PLAINTIFF**

11. The Defendant has been retained to represent numerous health care providers located within the jurisdiction of this federal district court.

12. The Plaintiff Mark Bonneau is alleged by the Defendant to be indebted to a medical provider doing business as Community Care Physicians, P.C. for a medical debt in the amount of $301.48.

13. This alleged monetary obligation alleged to be owed by the Plaintiff Mark Bonneau is a "debt" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(5).

14. The Plaintiff Mark Bonneau is a "consumer" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(3).

15. At a time unknown to the Plaintiff Mark Bonneau, the alleged debt went into default and was referred to the Defendant for collection purposes.

16. In the attempt to collect the alleged debt from the Plaintiff Mark Bonneau, the Defendant sent a computer generated form letter dated August 15, 2017 to the Plaintiff Mark Bonneau. A copy of the letter is attached hereto as Exhibit "1" and incorporated by reference herein.

17. The Plaintiff Julia Moffitt is alleged by the Defendant to be indebted to a medical provider doing business as Malta Med Emergent Care for a medical debt in the amount of $155.00.

18. This alleged monetary obligation alleged to be owed by the Plaintiff Julia Moffitt is a "debt" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(5).

19. The Plaintiff is a "consumer" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(3).

20. At a time unknown to the Plaintiff Julia Moffitt the alleged debt went into default and was referred to the Defendant for collection purposes.

21. In the attempt to collect the alleged debt from the Plaintiff Julia Moffitt, the Defendant sent a computer generated form letter dated August 15, 2017 to the Plaintiff. A copy of the letter is attached hereto as Exhibit "2" and incorporated by reference herein.

22. The Defendant's form letter is addressed to the Plaintiff Julia Moffitt together with a heading indicating the name of the creditor medical provider, the account number, the amount allegedly due and the date of the rendering of the particular medical service.

23. The form letter further states (in part):

DEAR SIR OR MADAM:

You have thus far failed to make satisfactory arrangements with our office regarding payment of the outstanding balance noted above.

Since the sum is long overdue we request that payment be made on this account.

You need to resolve this matter immediately to avoid further collection activity. IT IS NOT TOO LATE TO MAKE PAYMENT ON THIS MATTER. PLEASE CALL OUR OFFICE TO DISCUSS PAYMENT OPTIONS.

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

We look forward to your prompt payment.

Very Truly Yours,
Overton, Russell, Doerr and Donovan, LLP

24. The directive in the Defendant's form letter to "…….resolve this matter immediately in order to avoid further collection activity." creates a false sense of urgency.

25. The Merriam-Webster dictionary defines "immediately" as "without interval of time".

26. The Defendant's form letter demanded payment without interval of time.

27. Creating a false sense of urgency is well-recognized as a deceptive or misleading collection practice under the FDCPA. *Schweizer v. Trans Union Corp.,* 136 F.3d 233, 237 (2d Cir. 1998); *Trans World Accounts, Inc. v. F.T.C.,* 594 F.2d 212, 215 (9th Cir. 1979).

28. The statement IT IS NOT TOO LATE TO MAKE PAYMENT ON THIS MATTER, when sent under the letterhead of "Attorneys and Counselors at Law", can mean nothing to the least sophisticated consumer other than "you have had more than enough time to pay and now you have one more chance to pay our client or we will commence a lawsuit against you.".

29. The statements in the letter are especially designed to convey a threat of legal action when preceded by the words "You have thus far failed to make satisfactory arrangements with our office regarding payment of the outstanding balance noted above. Since the sum is long overdue we request that payment be made on this account."

30. Contrary to the assertions set forth in the Defendant's form letter, and the clear import of these assertions, no legal action was authorized by the medical providers based upon the de minimis amounts of each of the Plaintiffs' alleged debts nor would any legal action be commenced in regard to the alleged de minimis medical debts set forth in the form letter sent to the Plaintiffs.

31. In proof that no legal action was intended as implied in the letter, no lawsuit has been commenced against either Plaintiff as of the date set forth below.

32. The clear import of the language in the Defendant's form letter is that some type of legal action was about to be initiated and could only be averted from running its course by immediate payment of the alleged medical debt set forth in the subject collection letter.

33. The statements in the Defendant's form letter are not a simple assertion of potential creditor remedies; the statements are clearly intended to convey the message that immediate legal action would be commenced against the Plaintiffs if payment in full was not promptly tendered.

34. Strong implied threats to take legal action by a law firm connotes to the least sophisticated consumer that an attorney has reviewed the particular circumstances of a file and that the demand letter is, in fact, from an attorney.

35. In fact, there was no meaningful attorney review of the particulars concerning either of the Plaintiffs' alleged medical debts, which was sufficient to conclude that legal action was justified, nor was the letter sent in any manner, shape or form by any attorney. Rather, the letter was sent by non-attorney support employees as part of a series of computer generated form letters utilized by the Defendant.

36. To determine whether a threat exists in a collection letter, a debt collector's communication is read as a whole, and multiple statements in the communication may be read together to discern a threat.

37. The multiple statements in the Defendant's form collection letter, read together, discerns an intended implied threat to commence lawsuits against the Plaintiffs. Said threats are false.

38. The statements in the form collection letter did not convey that legal action was a mere possibility, and that the medical providers could choose to use it in the future, but constituted an intended false implication that lawsuits were an absolute certainty and would be swiftly commenced by the Defendant if payment in full was not immediately tendered by the Plaintiffs.

39. FDCPA case decisions have emphasized the importance of "imminence" in determining whether a threat of legal action exists.

40. An imminent threat of legal action may be imparted, and even be more effectively so, with skillfully crafted ambiguity and innuendo.

41. The assertions in the Defendant's form letter creates a sense of imminence and a false threat of legal action is otherwise imparted from the Defendant's letter based upon the use of skillfully crafted ambiguity and innuendo which is contained in the wording of the Defendant's letter.

42. Although a threat of legal action cannot be presumed solely because a letter is sent under the letterhead of a law firm, the least sophisticated understands that the "price of poker has gone up" when receiving a collection letter from a law firm and, when confronted with nebulous language under law firm letterhead, the least sophisticated consumer cannot be faulted for fearing imminent litigation.

43. Debt collection law firms may not exploit the naivete of consumers through vague and unnecessary wording which is clearly designed to convey to the least sophisticated consumer the impression that imminent legal action is at hand.

44. Vague references to legal action in the context of debt collection letters from a law firm can strike fear in the least sophisticated consumer and such references were set forth by the Defendant to secure payment. Such practices are prohibited by the FDCPA.

45. The Defendant was motivated to set forth false threats of legal action in part by the fact that the Defendant is paid on a contingency basis only if it is successful in compelling payment from consumers such as the Plaintiffs.

46. The false, deceptive and misleading statements set forth in the Defendant's form collection letter are material in that said statements affect the least sophisticated consumer's decision and/or ability to pay and/or challenge an alleged debt.

## CLASS ALLEGATIONS

47. This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

48. This claim is brought on behalf of a class consisting of:

    a. all persons, with addresses in the State of New York, who, within a time period commencing from one year prior to the date of the filing of the Complaint received a collection communication from the Defendant ORDD, which is identical in content and form to the collection communications sent to the Plaintiffs ("identical" does not include information specific to the Plaintiffs), which letters were sent in the attempt to collect alleged debts owed to: 1) Community Care Physicians, P.C. for debts in the amount of $301.48 or less; 2) Malta Med Emergency Care for debts in the amount of $155.00 or less and; 3) Ellis Medicine Physicians for debts in the amount of $280.59 or less, and where no lawsuit was filed in conjunction with the alleged debts set forth in the subject letters.

49. The identities of all class members are readily ascertainable from records maintained by the Defendant.

50. Excluded from the class defined heretofore herein are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

51. There are questions of law and fact common to the classes, which common issues predominate over any issues involving only individual class members.

52. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

53. The Plaintiffs will fairly and adequately protect the interests of the class defined in this Complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorney has any interests, which might cause them not to vigorously pursue this action.

54. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure:

    (a) **Numerosity:** The Plaintiffs are informed and believes, and on that basis alleges, that the class defined above is so numerous that joinder of all members of the class would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant ORDD utilized false, deceptive and misleading debt collection means in the attempt to collect alleged personal debts.

    (c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members.

      Plaintiffs and all members of the class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)   **<u>Adequacy:</u>** The Plaintiffs will fairly and adequately protect the interests of the members of the class insofar as Plaintiffs have no interests that are adverse to the absent members of the class. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel has any interests which might cause them not to vigorously pursue the herein class action lawsuit.

(e)   **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

(f)   Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the classes predominate over any questions affecting any individual member of the class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## **FIRST CAUSE OF ACTION**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

55. The Defendant violated the FDCPA. The Defendant's violations include, but are not limited to, the following:

The Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading debt collection means during attempts to collect alleged consumer debts;

The Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character and legal status of an alleged consumer debt;

The Defendant violated 15 U.S.C. § 1692e(5) by threatening unintended legal action in conjunction with an alleged consumer debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of the Plaintiffs as set forth below:

(i) The maximum statutory damages for themselves and the class as are allowed pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(ii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iii) For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands that this case be tried before a Jury.

DATED: New York, New York

August 15, 2018

          ROBERT L. ARLEO, ESQ. P.C.

By: _/ s /  Robert L. Arleo_
    ROBERT L. ARLEO
    380 Lexington Avenue
    17th Floor
    New York, New York 10168
    PHONE (212) 551-1115
    FAX: (518) 751-1801
    Email: robertarleo@gmail.com
    Attorney for the Plaintiffs